CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 0 8 2010

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ROBERT M. THOMAS, | ) |
| Plaintiff, | ) Civil Action No. 7:10cv00090 |
| v. | ) MEMORANDUM OPINION |
| FRED SHILLING, et al., | ) |
| Defendants. | ) By: Samuel G. Wilson |
| | ) United States District Judge |

This is an action pursuant to 42 U.S.C. § 1983 by Plaintiff, Robert Thomas ("Thomas"), an inmate of the Virginia Department of Corrections ("VDOC"), seeking monetary and injunctive relief from defendants, the VDOC Physician Review Panel (the "Panel") and Thomas's institutional physician, Dr. Mobashar.[1] According to Thomas's complaint, defendants violated the Eighth and Fourteenth Amendments by failing to provide him with cataract removal surgery on his right eye. Dr. Mobashar has moved to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6) on two grounds: (1) Thomas's allegations do not state a constitutional violation by Dr. Mobashar, (2) Dr. Mobashar is entitled to immunity. The court finds that Thomas has failed to state a plausible claim for relief against Dr. Mobashar. The court also finds that the Panel is not suable under § 1983. Thomas's claims against Dr. Mobashar and the Panel are dismissed under Rule 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B)(ii), respectively.

I.

Thomas is incarcerated by the VDOC at the Buckingham Correctional Center. His right

---

[1] Thomas also sued Mr. Fred Schilling, the Director of Health Services, who denied Thomas's Level II grievance. Mr. Schilling was dismissed by the court upon Thomas's motion.

eye has a cataract, and the vision in his left eye, which is cataract free, is 20/100 without glasses. On April 15, 2009, Dr. Mobashar submitted a request to the Panel asking that Thomas be referred to the MCV Eye Clinic for evaluation and extraction of the cataract in his right eye. (Compl. Attach. 2, at 1.) The Panel denied Mobashar's request and responded by asking Dr. Mobashar whether the vision in Thomas's left eye was normal or close to normal when corrected. The Panel then laid out the VDOC criteria for a cataract referral and asked Dr. Mobashar to indicate if these criteria were met. (Compl. Attach. 2, at 2.) These criteria are:

> 1. Presence of untreated cataracts must be significantly affecting [Activities of Daily Living] in a way that is detrimental to patient autonomy, (i.e. losing ability to recognize faces, navigate obstacles, feed and bathe oneself).
>
> If criterion number one is not met, then at least three of the following criteria must be met:
>
> 2. Significant decrease in visual acuity, to 20/100 or worse, that may be reasonably expected to improve postoperatively.
>
> 3. Concomitant presence of ocular comorbidity, e.g. glaucoma, diabetic retinopathy, macular degeneration.
>
> 4. Presence of other disability, such as wheelchair or deafness.
>
> 5. Presence of bilateral cataracts.

(Compl. Attach. 2, at 2.)

Dr. Mobashar found that Thomas did not meet the criteria, and an alternate treatment plan was recommended for him. (Compl. Attach. 1, at 2, 6.) According to his complaint, Thomas asked Dr. Mobashar about his alternate treatment plan and Dr. Mobashar told him that Thomas would "wear eye glasses" which would make the vision in his "left eye . . . 20/30[.]" (Compl. 6.) Dr. Mobashar explained that Thomas will have to "wait until [his] left eye deteriorates to the

2

stage of his right eye before [he] can have . . . surgery[.]" (Compl. 6.) Presumably, only at that point would Dr. Mobashar be able to advise the Panel that Thomas's vision was having a significant effect on his activities of daily life.

Thomas went through the prison grievance process and the decision of Dr. Mobashar and the Panel was upheld at all stages. During the grievance process, Thomas was encouraged to "submit a sick call" for his reportedly worsening cataract symptoms. On March 1, 2010, Thomas filed his complaint in this court against Dr. Mobashar, the Panel, and Schilling, who Thomas later dismissed voluntarily. Thomas claims that the failure to receive cataract surgery will cause his "vision to deteriorate and [subject him] to irreparable harm and even possible loss of eye sight." (Compl. 6.) He seeks $10,000 in damages and surgery to remove the cataract.

His claim against Dr. Mobashar is based on his belief that Dr. Mobashar was negligent in failing to correctly inform the Panel of Thomas's condition, and his claim against the Panel is based upon his belief that the Panel was deliberately indifferent to his medical needs by denying Dr. Mobashar's request for surgery. He claims that if he "was a free citizen in society, no Physicians Review Panel in [its] right mind would ever recommend that [he] wait until [his] other eye . . . [deteriorates] to the level of [his] damaged eye[.]" (Compl. 6.) Thomas claims that "budget constraints" and the desire to "keep[] costs down" motivated the Panel's decision. (Compl. 6.) Thomas does not claim, however, that the Panel misapplied VDOC cataract referral criteria.

## II.

Dr. Mobashar has moved to dismiss Thomas's complaint under Rule 12(b)(6) for failure to state a claim for relief. The court agrees and dismisses Thomas's claim against Dr. Mobashar.

3

Under Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007)). Where there is a *pro se* party, the analysis changes somewhat. Although a *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers," *pro se* complaints are still subject to the drafting requirements of other complaints. See Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007).

In the context of medical care in prison, the Supreme Court has held that "deliberate indifference to [the] serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain" in violation of the Eight Amendment Estelle v. Gamble, 429 U.S. 97, 104 (1976) (internal quotations omitted) (citing Gregg v. Georgia, 428 U.S. 153, 173 (1976)). To establish a § 1983 deliberate indifference claim Thomas must show that the deprivation of cataract surgery is "objectively, sufficiently serious" and that the defendant was "deliberate[ly] indifferen[t]" to Thomas's medical needs. Farmer v. Brennan, 511 U.S. 825, 834 (1994) (internal quotations omitted). Regardless of whether the first requirement is fulfilled,[2] the facts as alleged by Thomas do not support a finding of deliberate indifference by Dr. Mobashar.

To support a finding of deliberate indifference, "the treatment must be so grossly

---

[2] In order to satisfy the objective serious medical need element, "a prisoner must . . . demonstrate a substantial risk of [serious or significant physical or emotional injury] resulting from the prisoner's unwilling exposure to challenged conditions." Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995) (internal citations and quotations omitted). Thomas states that his cataract may potentially lead to permanent vision loss. Whether this statement is accurate and medically supported, especially when the prison's medical facilities are monitoring Thomas's cataract, requires further evidence. But, the court recognizes the seriousness of potential permanent blindness in one eye. Although other courts have expressed doubt over the issue, at this early stage the objective serious medical need element would be met here. Contra Hurt v. Mahon, 2009 WL 2877001, at *2 (E.D. Va. Aug. 31, 2009) ("[I]t is doubtful that a cataract is a sufficiently serious medical need to support an Eighth Amendment violation.")

4

incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). Medical malpractice, a physician's negligence or, "[d]isagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim [without] exceptional circumstances." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).

Thomas's allegations do not state a plausible claim for relief against Dr. Mobashar. Dr. Mobashar submitted to the Panel a referral request for evaluation and extraction of Thomas's cataract. The Panel rejected the request and asked Dr. Mobashar to advise it whether Thomas qualified under the VDOC's cataract referral criteria. That the Panel denied the extraction under the VDOC criteria is not something for which Dr. Mobashar may be held responsible. In effect, Thomas's claim against Dr. Mobashar distills to this: Dr. Mobashar erred in failing to find that Thomas qualified under the VDOC's cataract surgery criteria. But this is nothing more than a disagreement between Thomas and Dr. Mobashar as to whether Thomas qualifies under the VDOC criteria. It does not establish deliberate indifference. Accordingly, because Thomas fails to state a plausible claim for relief, the court will dismiss Thomas's claims against Dr. Mobashar pursuant to Rule 12(B)(6).

### III.

The court has the authority to dismiss a proceeding *in forma pauperis* where "the action . . . fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(ii). Here, the Panel is rightly dismissed because it is not suable under § 1983.[3] Although some entities,

---

[3] The statute applies to "[e]very *person* who, under color of any statute . . . of any State . . . causes to be subjected, any citizen of the United States . . . to the deprivation of any rights . . . secured by the Constitution . . .". 42 U.S.C. § 1983 (emphasis added).

5

such as local governing units, have been deemed suable under § 1983, Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 690 (1978), states are not suable under § 1983, see Will v. Mich. Dept. of State Police, 491 U.S. 58, 71 (1989) (holding that states are not suable under § 1983 because of the statutes language and because states have Eleventh Amendment immunity). Likewise, states agencies are also not suable under § 1983. See Toledo, Peoria & W. R.R. Co. v. Ill., Dep't of Transp., 744 F.2d 1296, 1298 (7th Cir. 1984), and the Department of Corrections and its constituent parts have been deemed to have Eleventh Amendment immunity and are not persons for purposes of § 1983. See, e.g., Yost v. Young, 892 F.2d 75, 1989 WL 152515, at *1 (4th Cir. Dec. 7, 1989); Rhea v. Va. Dep't of Corr., 2002 WL 31398734, at *1 (W.D. Va. Oct. 23, 2002); Haley v. Va. Dep't of Corr., 2002 WL 31953508, at *5 (E.D. Va. Feb. 6, 2002).

The Panel is, of course, not a person in the normal sense of the word, but is rather an entity within the VDOC. As a part of the Department of Corrections, the Panel is not suable under § 1983. See McCaslin v. Bozarth, 1995 U.S. App. LEXIS 7487, at *2 (8th Cir. Apr. 4, 1995) (upholding dismissal of the Medical Review Board because it was not a party subject to suit under § 1983). Thomas cannot recover against an entity which cannot be sued. Therefore, the court dismisses Thomas's suit against the Panel under 28 U.S.C. § 1915(e)(2)(B)(ii) because Thomas has failed to state a claim against the Panel upon which relief may be granted.

## IV.

Although the court dismisses Thomas's claims against Dr. Mobashar and the Panel, Thomas is granted leave to amend his complaint within twenty (20) days to include a different defendant. If Thomas is unable to receive cataract surgery until he qualifies under the criteria, he may never receive surgery if the eyesight in his non-cataract eye can always be corrected with

glasses. Based on his allegation that his cataract could lead to permanent blindness, the court finds that, if this statement is true, there may be a cognizable claim of deliberate indifference against another party. The court will not speculate about who a proper defendant might be, but notes that in Fred Schilling states in his affidavit that, "the Chief Physician of the VDOC medical staff is responsible for making all clinical, therapeutic, and treatment decisions regarding the heath care and treatment provided to VDOC inmates." (Schilling Aff. 2.).

## V.

For the reasons stated above, Thomas's claims against Dr. Mobashar and the Panel are hereby dismissed and Thomas is given twenty (20) days to amend his complaint.

**ENTER:** This 8th day of November, 2010.

_____
UNITED STATES DISTRICT JUDGE